IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Latasha Proctor Rowland, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:20-cv-02689-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Kilolo Kijakazi,[1] | ) | **ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Latasha Proctor Rowland ("Plaintiff") brought this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under the Social Security Act ("SSA" or the "Act"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On July 28, 2021, the magistrate judge issued a Report and Recommendation ("Report"), recommending that the Commissioner's decision be affirmed. (ECF No. 23). Plaintiff filed objections to the Report, (ECF No. 24), and the Commissioner replied, (ECF No. 26). However, upon review of Plaintiff's objections, the court determined that the vast majority of the objections were taken verbatim out of Plaintiff's brief to the magistrate judge, *compare* (ECF No. 18), *with* (ECF No. 24), and that, therefore, Plaintiff had failed to identify any error, either in law or in fact, in the magistrate judge's Report. Accordingly, on January 13, 2022, the undersigned entered a text order setting forth the proper standard for objections to a magistrate judge's report,

---

[1] On July 9, 2021, Kilolo Kijakazi was named the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), she is automatically substituted as the defendant in this action. *See also* 42 U.S.C. § 405(g) (providing that action survives regardless of any change in the person acting as the Commissioner of Social Security).

1

identifying the deficiencies in Plaintiff's objections, and granting Plaintiff an opportunity to request a hearing to show cause why her objections should not be summarily overruled for failure to raise specific and particularized objections to the Report. (ECF No. 29). The court further warned Plaintiff that if no request for a hearing was filed within the time granted, the court would rule on the objections in accordance with the law as set forth in the text order. *See id*. The time permitted for Plaintiff to request a hearing has now passed and no such request has been filed. Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that [the Commissioner's] conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

The purpose of magistrate review is to conserve judicial resources. *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Thus, although the recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter, *see Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)), the court is charged with making a *de novo* determination of only those portions of the Report to which a specific objection is made. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations." (emphasis added)). On the other hand, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). Thus, "[a] party's objection to a magistrate judge's report must be 'specific and particularized' in order to facilitate review by a district court." *Midgette*, 478 F.3d at 621.

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap*, 288 F. Supp. 3d at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Similarly, objections which merely restate arguments already presented to and ruled on by the

3

magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012) (noting that "almost verbatim restatements of the arguments made in previously ruled upon discovery motions" are not specific objections); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Dandy v. Berryhill*, 6:17-cv-331-BHH, 2018 WL 4610757 (D.S.C. Sept. 26, 2018); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 n.3 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a de novo review of objections presented in the form of '[complete statements] of arguments already made . . . as these objections never cite specific conclusions of the [report] that are erroneous.'" (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005)). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

**DISCUSSION**

The magistrate judge thoroughly set forth the relevant background information in her Report, *see* (ECF No. 23 at 1–8), and neither party filed any objections thereto. Accordingly, the court adopts the magistrate judge's recitation of the facts and incorporates them herein. On July

4

28, 2021, the magistrate judge issued the Report finding that the ALJ's weighing of the evidence and the factors required under the law was supported by substantial evidence in the record and recommending the court affirm the Commissioner's decision. *See id*. at 16, 22, 24, 26, 30–31. Although Plaintiff filed objections to the Report, they are practically identical to the arguments she raised in her initial brief. *Compare* (ECF No. 18), *with* (ECF No. 24). Indeed, as the court recognized in its January 13th text order, "less than ten sentences in the entirety of Plaintiff's ten-page objections [are] not word-for-word identical to or very close paraphrases of language in Plaintiff's brief." (ECF No. 29). As noted above, a restatement of arguments already presented to and addressed by the magistrate judge does not constitute a specific objection. *See Frazier*, 2012 WL 5381201 at *1; *Ashworth*, 2012 WL 931084 at *1. Nevertheless, out of an abundance of caution, the court granted Plaintiff an opportunity to request to appear and show cause why her objections should not be summarily overruled, (ECF No. 29), but Plaintiff declined to request such a hearing.

As district courts in the Fourth Circuit have repeatedly stated, "an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object." *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see also Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections). A district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted). In this case, Plaintiff's objections amount to a second attempt to present arguments already addressed in the

magistrate judge's Report and Plaintiff has declined the opportunity to show cause why the court should consider such arguments a second time. Accordingly, the court need only review the Report and the magistrate judge's recommendations for clear error. *Dunlap*, 288 F. Supp. 3d at 662.

The court agrees with the magistrate judge's lengthy and thorough analysis concluding the that substantial evidence in the record supports the ALJ's decision. (ECF No. 23 at 13–31). Thus, the court finds no clear error in the Report and, therefore, overrules Plaintiff's objections thereto.

## CONCLUSION

After a careful and thorough review of the Report, the record, and the parties' filings, the court concurs with both the reasoning and the result reached by the magistrate judge in her Report, (ECF No. 23), and finds the ALJ applied the proper legal standards and his determination is supported by substantial evidence, *see* (ECF No. 13 at 16–34). Therefore, the court **ADOPTS** the Report (ECF No. 23) in its entirety, incorporates the Report herein by reference, and **AFFIRMS** the decision of the Commissioner.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 24, 2022